## STATE OF INDIANA, EX REL. MORGAN, *v.* MONROE COUNTY COUNCIL ET AL.

[No. 19,705.    Filed February 20, 1902.]

COUNTIES.—*County Council.*—*Mandamus.*—A petition for a writ of mandate by a county assessor to require the county council to meet in special session and make an appropriation for the payment of a balance due him on his salary, allowed by the county commissioners, and unpaid, is insufficient, where it was not shown that an estimate had been filed by such officer as required by the statute, or that the council had not in its discretion reduced the estimate and appropriation accordingly, such officer being entitled by statute to $3 per day for the time actually employed in the discharge of his duties.    *pp. 102–105.*

SAME.—*County Council.*—*Allowance of Claim by County Commissioners for Which no Appropriation is Made.*—Under §25 of the county and township reform law (Acts 1899, p. 343) the mere fact that the board of county commissioners allowed a county assessor's claim for compensation does not of itself bind the county beyond the amount of money which had been previously appropriated by the council for its payment.    *pp. 105, 106.*

From Monroe Circuit Court; *W. H. Martin*, Judge.

Mandamus by State on relation of John D. Morgan to compel the county council of Monroe county to make an appropriation of a certain sum as compensation due relator as county assessor.    From a judgment for defendants, relator appeals.    *Affirmed.*

*Seymour Riddle*, for appellant.
*Edwin Corr*, for appellees.

JORDAN, C. J.—On April 5, 1901, the relator, John D. Morgan, instituted this action to obtain a mandamus against the Monroe county council, the auditor, and the board of commissioners of said county of Monroe.    The petition alleges that on December 28, 1900, the county was indebted to the relator in the sum of $117, as a balance due on salary as county assessor of said Monroe county; that on the 26th day of November, 1900, he filed his claim for said amount with the county auditor, itemized and sworn to as provided

State, *ex rel.*, *v.* Monroe County Council.

by law. It is further charged that on said 28th day of December, 1900, the board of commissioners, while in session, duly allowed relator's claim, and that the same stands allowed and unpaid, and that no appeal has been taken from the decision of the board making said allowance. Prior to the commencement of this action, it is alleged in the petition that the relator demanded of the Monroe county council that it make an appropriation to pay said claim, and that said council has at all times refused, and still refuses, to make the necessary appropriation of money out of the county treasury, as provided by law, for the payment of said allowance or any part thereof; that there is now in the treasury of said county money liable for the payment of said claim as allowed, but that no funds have been appropriated for the payment thereof. The prayer of the petition is for a writ of mandate to compel the county council to make the necessary appropriation, and that Samuel Kerr, as auditor of said county, be commanded to convene said council in special session for the purpose of making said appropriation, etc. An alternative writ was issued, which commanded the county auditor to convene the county council in special session for the purpose of making an appropriation for the payment of relator's claim, and said council, when assembled, was also ordered by the writ to make an appropriation, or that said defendants, on failure to obey the command of said writ, appear on a day as fixed by the court and show cause why they should not comply with the court's mandate. The defendants demurred jointly and severally to the petition and alternative writ in question, for insufficiency of facts, and their demurrer was sustained, and, upon the relator refusing to plead further, judgment was rendered against him for costs. The ruling of the lower court on this demurrer is the error assigned in this appeal.

It is insisted by counsel for appellee that the petition is insufficient to entitle the relator to a writ of mandate, and therefore the ruling of the court on the demurrer was right.

Section 7 of an act of the legislature known as the "County and Township Reform Law" (Acts 1899, p. 343), whereby a county council is created in each county in this State, provides that there shall be a regular meeting of such council on the first Tuesday after the first Monday of September of every year, for the purpose of fixing the rate of tax levy and making appropriations, and further provides for such special meetings as may be called by the county auditor. Section 16 of this act requires that every county officer, before the Thursday following the first Monday of August of each year, shall prepare an itemized estimate of the amount of money required for his office for the ensuing year, etc. The next section (17) provides "that every estimate required by the preceding section to be prepared by any county officer of money required for his office shall embrace in items separate from each other, each of the following matters: First. Salary of the officer as fixed by law, if payable out of the county treasury; if not, an estimate of the number of days or length of time of services required". The relator, who is county assessor, is a county officer whose salary or compensation is not a fixed or definite amount, but is so much *per diem* for the number of days actually employed by him in the discharge of the duties of his office. See, Acts of 1895, p. 207. By the latter act the compensation of county assessors is fixed at $3 per day for the time actually employed by them in the discharge of their duties. It is therein enacted that, in all counties having a population of 15,000 and less than 30,000, as shown by the United States census of 1890, county assessors shall not charge or receive pay for more than 180 days. We judicially know that, according to the United States census mentioned in the act, Monroe county, Indiana, is shown to have a population of over 15,000 and less than 30,000; and hence, under that law, the maximum time actually employed by its county assessor in the discharge of the duties of his office in any one year is limited to 180 days, and in no event can this limit be exceeded.

The petition does not disclose that either the relator or his predecessor complied with the requirements of §16, *supra,* of the reform law, by making an estimate of the number of days that would be necessary for such official to serve in the actual discharge of the duties of his office during the ensuing year. For aught appearing in the pleading, it may be assumed that this duty was wholly neglected, and that no such estimate was made and presented to the county council at its annual meeting, thereby giving that body an opportunity to make an appropriation for the payment of the compensation of the county assessor. Again, nothing being shown under the facts to the contrary, we may assume that if such an estimate was made, the county council, under the particular circumstances, in the exercise of a sound discretionary power with which it, under the law, is invested, may have reduced the estimate of days as made by the county assessor, and made its appropriation accordingly. If the council at its annual September meeting made an appropriation to defray the expenses of the assessor's office, and thereafter an emergency arose for further appropriation for said office, that body might, when convened in special session by the county auditor, make a further appropriation, under §21 of the act, on estimates prepared and presented as required by said section.

Under §25 of the reform law, the mere fact, as alleged, that the board of commissioners allowed relator's claim for compensation does not of itself bind the county beyond the amount of money which had been previously appropriated by the council for its payment. If the allowance made by the board of commissioners, under the circumstances, is legitimate, and one which the county council was empowered in the first instance to make an appropriation for its payment, then such council can exercise such power of appropriation when the claim so allowed is, thereafter, at either a regular or special session, presented to it for the purpose of making the necessary appropriation.

This appeal, to an extent at least, under the facts, is ruled by the decision of this court in the case of *State, ex rel.,* v. *Wayne County Council,* 157 Ind. 356. Certainly, under the facts set forth in his petition, the relator does not show that he is entitled to any relief by way of mandamus. The judgment is, therefore, affirmed. All concur, except Gillett, J., absent.