BLUMRICH *v.* VILLAGE OF HIGHLAND PARK.

| | |
|---|---|
| 131 | 209 |
| 135 | 237 |
| f135 | 238 |
| 135 | 538 |
| 131 | 209 |
| 140 | 113 |
| 131 | 209 |
| e148 | 487 |

MUNICIPAL CORPORATIONS — DEFECTIVE SIDEWALKS — CLAIM FOR INJURIES—PRESENTATION—WAIVER.

> The provisions of 1 Comp. Laws, §§ 2754, 2775, requiring, as a condition precedent to the liability of a village for injuries caused by a defective sidewalk, that a verified claim be presented to the council, and that notice in writing be served on the clerk within 60 days after the injury, are not waived where a son of the person injured appears before the council without proof of his authority, and states that she was injured, and that she presents a claim for damages, and the council refers the matter to the committee on village affairs, which does not meet or make any report, but a member of it, at a time not shown, tells the son he ought to have filed a written statement with the clerk.

Error to Wayne; Rohnert, J. Submitted April 24, 1902. (Docket No. 143.) Decided June 24, 1902.

Case by Louisa Blumrich against the village of Highland Park for personal injuries. From a judgment for plaintiff, defendant brings error. Reversed.

Plaintiff claims to have fallen upon a defective sidewalk and received an injury, for which she sued the defendant, and recovered verdict and judgment. She presented no claim in writing to the common council. Her son, Mr. Schroeder, appeared in open session of the council, and testified that, as the council "was about ready to close, the chairman spoke up and said, 'There is a gentleman here who wishes to say something;'" whereupon the son arose, and said:

" 'Gentlemen, you are aware of the accident that occurred on Glendale avenue, on the 8th day of October, to Mrs. Blumrich, my mother.' I said, 'She fell on the sidewalk there, just west of Woodward avenue, and was hurt pretty badly, and she wants to know what the village

131 MICH.—14.

is going to do with regard to this claim. She presents a claim for damages.' So somebody spoke up and said, ' We will leave that to the committee or trustees.'"

It was then "moved and supported that the matter in regard to Mrs. Blumrich falling on a defective sidewalk on Glendale avenue be referred to the committee on village affairs, and to report at the next meeting." The motion prevailed. The committee did not meet. Two of them met once, and Mr. Schroeder testified that he appeared there, and that nothing was done; one of the committee telling him that he ought to have a written statement filed with the town clerk.

The statute provides that no account or claim shall be received for audit or allowance unless accompanied by the certificate of an officer of the corporation or an affidavit of the person rendering it, etc., and makes it a sufficient defense in any court against any such claim, whether for personal injuries or otherwise, that it has never been presented, certified to or verified as provided. 1 Comp. Laws, § 2754. The statute also provides that no village shall be liable for injuries resulting from defective streets or sidewalks unless the person injured shall serve or cause to be served, within 60 days after such injury, a notice in writing upon the clerk or deputy clerk of such village, setting forth substantially the time when and place where such injury took place, the manner in which it occurred, the extent of the injury, and that the person receiving such injury intends to hold the village liable for such damages. 1 Comp. Laws, § 2775.

*Rowland M. Connor,* for appellant.

*Sumner Collins* (*Timothy E. Tarsney,* of counsel), for appellee.

GRANT, J. (*after stating the facts*). Two questions are presented: (1) Did the action of the council operate as a waiver of the provisions of the statute in regard to the notices required? (2) Was there sufficient evidence of

negligence on the part of the defendant to justify the sub-mission of that question to the jury ?

Plaintiff neither filed any notice with the clerk, nor presented any claim to the council of the village in writing. The verbal report which, it is urged, was made by her son, specified no damages, and in no respect complied with the statute. In every case where this court has held that the municipal authorities have waived the provisions of this statute, there has been a written claim which was defective, or the case has been tried without any such defense being set up, and the attempt was made to raise the question upon a motion for a new trial. In *Canfield* v. *City of Jackson*, 112 Mich. 120 (70 N. W. 444), the question was raised for the first time on the part of the defense on a motion for a new trial. In *Griswold* v. *City of Ludington*, 116 Mich. 401 (74 N. W. 663), an unverified claim was presented and acted upon. The same state of facts existed in *Wright* v. *Village of Portland*, 118 Mich. 23 (76 N. W. 141). In *Germaine* v. *City of Muskegon*, 105 Mich. 213 (63 N. W. 78), the claim was verified by the attorney for the claimant, whose verification was void under the statute. No objection was made. The claim was duly considered and rejected. In *Foster* v. *Village of Bellaire*, 127 Mich. 13 (86 N. W. 383), a written claim was presented, but without itemizing or verification. The opinion does not show what acts were relied upon to constitute a waiver. The question of waiver was left to the jury. We are now asked to carry this doctrine of waiver still further, and hold that where a party appears for the claimant without any authority being shown,—for there is nothing in the record to show that plaintiff ever authorized her son to present this claim to the council,—and states that an injured party presents a claim, and wants to know what the village is going to do with regard to it, and the matter is then referred, not to the usual committee for the consideration of claims, but to another committee, which does not even meet, and makes no report, these wise provisions of the statute have

been waived. If this be the case, the statute is of little worth.

Everybody is presumed to know the law. If this plaintiff authorized her son to appear before the council, she probably understood that some notice was necessary. The object of this law is not only to notify the village authorities, so that they may at once examine into the case, the nature of the injuries, and the justice of the claim, but it is also in the interest of the public and the taxpayers, so that they may know what claims are made against the corporation. Another evident purpose of the statute is to promptly put claimants upon record as to the manner of the accident, the character of the injury, the defect, as well as time and place, and thus avoid these matters resting in parol until the day of trial. Every purpose of the statute is annulled if the ruling of the court below prevails. The committee did not meet, and made no report. Two of them met, and one of them notified the son that his mother should have filed a claim in writing. Whether this was before or after the expiration of 60 days is not entirely clear. The testimony of the son is such that a jury might find upon this point either way. We think there was no waiver of the statute, and that the court should have directed a verdict for the defendant. It follows that the judgment must be reversed, and new trial ordered.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred. LONG, J., did not sit.