## BOARD OF COMMISSIONERS OF WHITLEY COUNTY v. GARTY.

[No. 20,092. Filed November 24, 1903.]

STATUTE.—*Repeal by Implication.*—A statute will not be held to be repealed by implication unless the later act is so repugnant to the earlier as to render the conflict between them irreconcilable. *p. 469.*

COUNTY ASSESSOR.—*Limiting Time of Employment.*—*Act Not Repealed.*—The act of 1895 (Acts 1895, p. 207), fixing the per diem for

county assessors, and limiting the time which may be actually employed by such officers in their respective counties, is not repealed by the act of March 4, 1899 (Acts 1899, p. 430). *pp. 466-470.*

COUNTY ASSESSOR.—*Limiting Time of Employment.—Constitutional Law.*—The legislature has the power, under the Constitution, to fix the per diem for county assessors and at the same time limit the time which may be actually employed by such officers according to the population of the various counties. *p. 470.*

From Whitley Circuit Court; *J. W. Adair,* Judge.

Action by Theodore Garty against the Board of Commissioners of Whitley county. From a judgment for plaintiff, defendant appeals. *Reversed.*

*B. E. Gates,* for appellant.

*T. R. Marshall, W. F. McNagny* and *P. H. Clugston,* for appellee.

JORDAN, J.—Action by appellee to recover from Whitley county the sum of $156 claimed for services rendered as county assessor for the year 1901. The claim apparently proceeds upon the theory that appellee, as county assessor, earned during the year of 1901 $156 for fifty-two days' services rendered in the discharge of duties of his office. Appellant filed its answer in three paragraphs, the first being a general denial which was subsequently withdrawn. Appellee successfully demurred to the second and third paragraphs of this answer, and, upon appellant's refusal to plead further, judgment was rendered against it for $156 and costs. From this judgment it appeals.

By the second paragraph of the answer appellant alleges that the compensation of appellee as county assessor was regulated by an act of the legislature in force March 9, 1895, which, as averred, forbids the assessor of Whitley county to charge or receive pay or compensation for discharging the duties of his office for more than 180 days in any one year at the rate of $3 per day for the time actually employed. The paragraph further alleges that the county council of Whitley county, for each of the years

1901 and 1902, appropriated $540, and no more, said amount being to pay appellee for 180 days' services in each of said years at the rate of $3 per day. Said amount was paid to and received by him as his compensation for each of said years. The third paragraph alleges facts showing that appellee received $540 as pay for 180 days' services at $3 per day for the year 1901, and that the county council appropriated said amount, and no more, to defray or pay appellee's per diem for that year, of which fact he had notice.

The facts, as we gather them from the pleadings in this case, may be said to be as follows: Appellee was elected county assessor of Whitley county at the November election of 1900, and duly qualified as such, and entered upon the discharge of the duties of the office on January 1, 1901. Whitley county, according to the United States census of 1890, has a population of over 15,000 and less than 30,-000. Its county council for the year 1901, appropriated the sum of $540, and no more, to pay the compensation of the county assessor for that year at the rate of $3 per day, based upon a maximum limit of 180 days. Appellee's claim of $540 for that year was allowed, and he was paid that amount of money out of the county treasury. The claim for which he seeks to recover in this action is for fifty-two days' services performed by him as assessor during the year 1901. These fifty-two days were in addition to the 180 days for which the county council had made the appropriation of $540, which amount appellee received as hereinbefore stated. No appropriation had been made by the council for 1901 to pay appellee's per diem for these extra days, and appellee knew that fact before he performed the services.

It is contended by counsel for appellant that the act in force March 9, 1895 (Acts 1895, p. 207), which forbids a county assessor to charge or receive pay for more than 180 days in any one year at the rate of $3 per day in

a county like Whitley, the population of which is in excess of 15,000 and under 30,000, must rule in this appeal. Therefore the argument is advanced that as it appears appellee was allowed and paid $540 as his compensation for the year 1901, which was the amount appropriated by the county council for 180 days at $3 per day, he is not entitled to recover upon the extra claim which he sets up in this action.

Counsel for appellee insist that the act of 1895, *supra,* is impliedly repealed by an act of the legislature approved March 4, 1899 (Acts 1899, p. 430). It is further insisted that if the former act is not repealed it must be held to be unconstitutional and void, for the reason, as urged, that the legislature, under our Constitution, had no power to impose upon the county assessor duties, and then provide that he should receive $3 per day for the performance thereof, and then, under the circumstances, declare that he could not receive pay for more than 180 days.

The first question to be determined is, did the act of 1899 repeal by implication that part of the statute of 1895 which in its effect limited the maximum time to 180 days for which the assessor of Whitley county might charge and receive pay in any one year in the discharge of the duties of his office? The act of 1899 does not expressly profess to repeal any other statute in whole or in part. The law of 1895 is entitled "An act concerning the office of county assessors, regulating the appointment of persons who may act as deputies, fixing the pay, and limiting the time of service, repealing all laws in conflict therewith, and declaring an emergency." As applicable to the question herein involved, we quote the following from the act of 1895: "The county assessors in the several counties of this State shall receive as compensation for their services the sum of $3 per day for the time actually employed by them in the discharge of the duties of their several offices. Provided, that * * * in counties of more

than 15,000 and less than 30,000, such assessor shall not charge or receive pay for more than 180 days." Section 4 of the act provides that the population of the several counties shall be computed from the United States census of 1890. Section 5 repeals all laws and parts of laws in conflict with the act. By §112 of the tax law of 1891 (Acts 1891, p. 199) the office of county assessor was created, and the tenure thereof was fixed at four years, and no person could be elected to hold the office for more than four years in any period of eight years. The compensation of the office by that act was fixed at $3 per day for the time actually employed. In 1893 (see Acts 1893, p. 183) this section of the tax law was amended. The material change made by the amendatory act was that in counties containing a population of over 100,000 the annual salaries of the county assessors should be $1,800. The act of 1899 professes to amend §1 of the amendatory act of 1893. The only changes, however, made in §112 of the tax law, as amended in 1893, are to the effect that no person shall be eligible for election to the office of county assessor more than twice in any term of twelve years, and to prescribe the duties of this officer in respect to omitted or sequestered property subject to taxation. The amendatory act of 1899 provides, as did §112 originally of the tax law of 1891, and also the amendatory act of 1893, that the county assessor "shall receive $3 per day for the time actually employed in the duties of his office, to be paid out of the county treasury on order of the board of commissioners, on his filing therewith an itemized statement duly verified, showing the time actually employed by him and the nature of his services." It was also provided by the act of 1899, as it was in the section amended by it, that in counties having a population of more than 100,-000, the county assessor should receive $1,800 per annum. It was expressly declared in the act of 1895 that its provisions should not apply to counties having a population

of more than 100,000. It is observable that the act of 1899 provides that county assessors shall receive $3 per day for the time actually employed, but is wholly silent in respect to any period or limit of time which may be employed by that officer in any one year in the discharge of the duties of his office.

Can it, in reason, be asserted that under and by the provisions of the amendatory act of 1899 there is manifested a clear intent or purpose on the part of the legislature to repeal that part of the statute of 1895 whereby the time which may be employed by county assessors in any one year is limited? It is a familiar rule, and one universally affirmed by the authorities, that a repeal by implication is not favored. In accordance with this rule, two or more acts on the same subject must, if possible, be so construed that both may be permitted to stand. It has been repeatedly affirmed by the decisions of this court that implied repeals are only recognized and upheld when the later act is so repugnant to the earlier as to render the repugnancy or conflict between them irreconcilable. A court will always, if possible, adopt that construction which, under the particular circumstances in a given case, will permit both laws to stand and be operative. In support of the principles above asserted see *Carver* v. *Smith,* 90 Ind. 222, 46 Am. Rep. 210; *Shea* v. *City of Muncie,* 148 Ind. 14; *Pomeroy* v. *Beach,* 149 Ind. 511; *State, ex. rel.,* v. *City of Noblesville,* 157 Ind. 31.

In the case at bar the earlier act—that of 1895—fixed the per diem of county assessors at $3 for the time actually employed, and further provided a standard by which the maximum time that might be employed in any one year by county assessors in the discharge of the duties of their offices in their respective counties was fixed. The limitation in the statute of 1895 in regard to the time which may be employed, it would seem, under the circumstances, remains untouched by the act of 1899. At least it may

be said that in regard to that provision there is no such irreconcilable conflict or repugnance between the two acts as would require a court to hold that the later repealed the earlier, for in this respect the two acts can be consistently reconciled with each other, and both be allowed to stand, by considering the later law as fixing the per diem of the county assessor, and the provision of the earlier —that of 1895—as placing a limit on the time which may, if necessary, be actually employed by such officers in their respective counties at $3 per day. Such a construction will avoid confusion and uncertainty in the law, and will be in harmony, we believe, with the intent of the legislature. We therefore conclude that the provision in the statute of 1895 by which the time employed by county assessors in their respective counties is limited is not repealed by the provisions of the act of 1899, and the same still remains in force.

Aside from the averment of that fact we judicially know that by the United States census of 1890, Whitley county had a population of over 15,000 and under 30,000; consequently appellee was limited in the discharge of his duties as county assessor for the year of 1901 to 180 days. *State, ex rel.,* v. *Monroe County Council,* 158 Ind. 102. For this time at $3 per day he was allowed and received payment. We are not to be understood as holding in *State, ex rel.,* v. *Monroe County Council, supra,* that the county council is empowered under the law to reduce the number of days that may be actually employed by a county assessor in the discharge of the duties of his office in any one year below the number fixed by the standard provided by the act of 1895. That question is left undetermined.

The statute of 1895 is certainly not open to the objection urged against its constitutional validity by appellee's counsel.

It follows, under the facts and the law applicable thereto, that appellee is not entitled to recover in this action. The judgment below is therefore reversed, and the cause re-

manded, with instructions to the lower court to overrule the demurrer to the second and third paragraphs of the answer, and for further proceedings not inconsistent with this opinion.