## WOODWORTH *v.* CITY OF KALAMAZOO.

1. MUNICIPAL CORPORATIONS—CLAIMS FOR PERSONAL INJURIES—PRESENTATION—CONSTRUCTION OF STATUTE.

Act No. 475, Local Acts 1897, chap. 16, § 2, providing that claims against the city of Kalamazoo, "for personal injuries or otherwise," shall be presented to the council in detailed form, that, within 30 days thereafter, the evidence in support of the same shall be submitted to the council, or to the com-

mittee to whom the claim may have been referred, and that
it shall be a complete defense to any action upon any such
claim that the claim and evidence have not been thus pre-
sented, and further providing that all claims growing out of
the negligence of the city shall be presented in the same
manner within four months after the claim shall arise, or be
forever barred, should be construed as one paragraph, and a
claim for a personal injury from a defective sidewalk, not
presented to the council within four months, is barred.

2. SAME—LIMITATION OF ACTIONS—REPEAL OF STATUTE.
   The provision of the charter of Kalamazoo, barring claims for
   personal injuries unless presented to the council within four
   months from the time the claim arose, was not repealed by
   Act No. 155, Pub. Acts 1899, limiting the time for bringing
   actions for personal injuries to three years, and repealing in-
   consistent acts.

3. SAME—WAIVER—REFERENCE TO COMMITTEE.
   A provision of a city charter, requiring claims for negligent
   injuries to be presented to the council within four months
   from the time the claim arose, was not waived by the
   act of the council in referring a delayed claim to a com-
   mittee, which, after fixing a time and place for hearing, re-
   fused to hear the testimony offered by the claimant, and
   reported to the council that the claim was barred by lapse
   of time.

4. SAME—ORDINANCES—ADVERTISING FOR CLAIMS.
   Nor was such provision waived by advertising, under an ordi-
   nance, that all bills and accounts against the city for the cur-
   rent year must be filed with the city clerk by a certain date,
   or the same would not be allowed in the accounts for such
   year.

Error to Kalamazoo; Adams, J. Submitted October
9, 1903. (Docket No. 38.) Decided December 22, 1903.

Case by Hattie A. Woodworth against the city of Kala-
mazoo for personal injuries caused by a defective sidewalk.
From a judgment for defendant on demurrer to the decla-
ration, plaintiff brings error. Affirmed.

*E. M. Irish*, for appellant.

*Harry C. Howard*, for appellee.

MOORE, J.   The plaintiff was injured on the 5th day of May, 1901, by falling on a defective sidewalk in the defendant city of Kalamazoo.   Her claim was presented to the city council on the 24th day of March, 1902.   The council referred it to a committee, and the committee fixed a time and place for hearing.   Plaintiff appeared before the committee and offered to present her evidence.   The committee refused to hear it or to pass upon it because, among other reasons, it was barred by the limitation in the charter.   A committee report was made to the council, recommending the claim be not allowed, for the above reasons.   The council adopted the report, and this damage suit was commenced by declaration.   The defendant demurred "because said claim was not presented to the city council within four months after the same arose, as is required by the provisions of the city charter; the same being Act No. 475, Local Acts 1897, chap. 16, § 2."   The circuit court sustained the demurrer.   The plaintiff brings the case here by writ of error.

The plaintiff's claim, as stated by counsel, is:

"*First.* The city charter, legally construed, does not require claims for damages for personal injuries to be presented to the city council within four months from the event of the injury.

"*Second.* That the defendant's contention would force into the charter a short time limit within which to present personal injury claims, which is too unreasonable and unjust to be placed there by construction.

"*Third.* That, if the charter could be construed in accordance with the defendant's claim, the four-months clause was repealed by Act No. 155, Pub. Acts 1899.

"*Fourth.* That, even if the charter provision were to be given force, the defendant has waived the benefit of its provisions (*a*) by receiving the claim and referring it to a committee without objection; (*b*) by passing City Ordinance No. 156, and advertising for claims under it."

It is claimed by defendant that the action is barred because the claim was not filed with the council within four months of the injury.

The part of the charter relied upon is found in Act No. 475, Local Acts 1897, chap. 16, § 2, and is as follows:

"Said city council shall have authority to adjust and settle all accounts and claims against said city, and no suit or action shall be maintained against said city on any account or claim until the same shall have been presented to said council, and said council shall have had an opportunity to pass upon the same. The city of Kalamazoo shall not be liable to respond in any action or proceeding to collect any account or claim of any kind against said city for any greater amount than that named and set forth in the account or claim presented as herein provided.

"In all cases of claims against said city for personal injuries or otherwise, the party having the claim shall present the same to the council in detailed form, giving all the substantial facts upon which the same is based, and shall present to the council, or the council committee to whom the same shall be referred by the council, at such time and place as shall be convenient for the council, or council committee to which the claim is referred, as aforesaid, and not exceeding thirty days from the time of presentation of the claim, all the evidence in his possession, or of which he or his attorney has knowledge, tending to prove the facts in the case, and submit the same to the full and complete examination of said council, or council committee: *Provided*, that said hearing may be adjourned from time to time to suit convenience of the parties, not exceeding thirty days more than herein provided; and it shall be a sufficient and complete defense to any action or proceeding for the collection of any such claim or demand against the city, that such claim or demand, and the evidence upon which the same is based, has not been presented as hereinbefore provided.

"All claims for damages against the city growing out of the negligence or default of said city, or of any officer or employé thereof, shall be presented to said city council in the manner above provided within four months after such claim shall arise, and in default thereof such claim shall thereafter be forever barred."[1]

Counsel says:

"The second paragraph above quoted states a special

---

[1] The section is here divided into paragraphs in accordance with the contention of plaintiff's counsel.

rule as to personal injuries that is complete in itself, and provides that noncompliance with it shall be a complete defense to the action. The third paragraph, which follows it, states a broader and more general rule as to claims for damages growing out of the negligence or default of the city. Standing alone, this last paragraph would include personal injuries arising from negligence, and would do away with the necessity of enacting much of the preceding paragraph, provided it was the intention of the legislature to include personal injuries in the general clause as to negligence claims. Counsel claims that the second paragraph is to be read as an exception to the third, and that it is a case for the application of the rule clearly stated by Judge CHRISTIANCY in *Crane* v. *Reeder*, 22 Mich. 322, as follows:

" 'Where there are two acts or provisions, one of which is special and particular and certainly includes the matter in question, and the other general, which, if standing alone, would include the same matter, and thus conflict with the special act or provision, the special must be taken as intended to constitute an exception to the general act or provision, especially when such general and special acts or provisions are contemporaneous, as the legislature are not to be presumed to have intended a conflict,' "—and cites other cases to the same effect.

We agree with counsel that the law is well settled that where there are two acts, or provisions of one act, one special and particular, and the other general, the special is an exception to the general act; but we do not agree with him in thinking the section of the charter, in order to properly construe it, should be divided into paragraphs. The entire section is devoted to the subject of claims, and, if read as an entirety, giving to the words used their ordinary meaning, we think it clear that claims for personal injuries received because of defective sidewalks must be presented within four months after such claim shall arise. See *Davidson* v. *City of Muskegon*, 111 Mich. 454 (69 N. W. 670), and the cases there cited; *Blumrich* v. *Village of Highland Park*, 131 Mich. 209 (91 N. W. 129).

Counsel says the charter provision is repealed by Act No. 155, Pub. Acts 1899, which reads:

"SECTION 1. That no action shall hereafter be brought

in any courts of this State to recover damages for personal injuries unless the same shall be brought within three years from the occurrence upon which the claim for liability is founded.

"SEC. 2. All acts or parts of acts in any wise contravening any of the provisions of this act are hereby repealed."

It is claimed section 2 contains a sweeping repealing clause of all other statutes of limitation for personal injuries. We do not think the provisions of the charter as to the time for presentation of claims to the council are in contravention of the provisions of this public act relating to the time in which the action must be brought in the courts of the State.

It is claimed the city waived its defense by referring the claim to a committee; counsel citing many cases. This feature of the case is controlled against the contention of counsel by the recent case of *Blumrich* v. *Village of Highland Park*, 131 Mich. 209 (91 N. W. 129), where the Michigan cases are collated and construed.

It is urged the defense is waived by City Ordinance No. 156, and advertising for claims under it. The material parts of the ordinance, so far as they relate to this case, read as follows:

"SECTION 1. *The City of Kalamazoo Ordains:* That all claims of every kind and nature against the city of Kalamazoo shall, before being audited, adjusted, or settled, be presented and filed with the city clerk in a fully itemized form, showing the day and date and all information necessary to a full and complete understanding of the nature and justice of such claim or claims. Claims shall be verified by the party presenting the same when demanded by the committee whose department is chargeable with such claim, or the purchasing or claims committee, on blanks to be furnished by the city clerk at the expense of the city. All oaths pertaining thereto may be administered by the city clerk without expense to the claimant. All claims, except the city pay roll, must be presented before 12 o'clock noon of the Monday preceding the first regular meeting of each month. No claim will be considered or allowed during the current month if presented after that time, unless by the unanimous consent of the council.

Claims will be passed upon by the city council at the first regular meeting of each month, unless for some special reason action may be deferred by the city council."

"SEC. 8. It shall be the duty of the city clerk to advertise in the daily papers of the city of Kalamazoo, in a prominent position, at least three times in each week during the first three weeks of March in each year, that all bills and accounts against the city of Kalamazoo for the current year ending March 31st must be filed in the office of the city clerk on or before the 25th day of March, at 12 o'clock noon, or the same will not be audited and allowed in the accounts for the then current year."

The averment in the declaration is:

"That the city clerk advertised for claims, in accordance with section 8 of said ordinance, during the first three weeks of March of the year 1902, and that it had been his custom to so advertise during said time ever since said ordinance was passed and became a law, and that it was generally understood in the city of Kalamazoo that claims against the city were to be filed and could be filed in accordance with said ordinance, and the plaintiff so understood, and that her said claim was filed within the time allowed by the same."

A reference to section 8 shows it was "all bills and accounts against the city" which were required to be filed on or before March 25th. The ordinance does not indicate an intention to waive the charter provisions in relation to negligence cases, and we do not think that is its effect.

Judgment is affirmed.

CARPENTER, GRANT, and MONTGOMERY, JJ., concurred. HOOKER, C. J., took no part in the decision.