## MUELLER *v.* BOARD OF COMMISSIONERS OF THE COUNTY OF MARION.

[No. 10,316.    Filed April 22, 1920.]

1. COUNTIES.—*Actions Against.—Complaint.—Sufficiency.*—Although claims against a county must first be presented to the board of commissioners for allowance or disallowance, as provided in §§6006, 6007, 6008 Burns 1914, §§5760, 5761 R. S. 1881, Acts 1897 p. 187, before suits may be filed thereon, a complaint in an original action on a claim which may be brought under §6019 Burns 1914, §5769 R. S. 1881, after such disallowance, need not allege that such steps have been taken. p. 197.

2. JUSTICES OF THE PEACE.—*Sanity Inquests.—Fees.—Statutes.*—Section 1865 Burns 1914, Acts 1913 p. 834, fixing the fees of justices of the peace, but not including any fees for services in insanity inquests, and providing that in a township having a population of 100,000 no fees named in the section shall be charged or collected, but a justice shall receive a salary of $2,000 a year in full of all fees mentioned in such section, does not repeal §§3699, 3792 Burns 1914, Acts 1901 p. 529, §2871 R. S. 1881, as to compensation of justices of the peace for services required of them under §3682 *et seq.* Burns 1914, §2810 *et seq.* R. S. 1881, in holding insanity inquests, and justices including those in a township having 100,000 population, are entitled to such compensation. pp. 197, 198.

3. EVIDENCE.—*Judicial Notice.—Population of Township.*—Judicial notice will be taken that a township has a population which puts it in a class in which, under §1865 Burns 1914, Acts 1913 p. 834, a justice of the peace receives an annual salary of $2,000. p. 198.

From Marion Superior Court (a1,068) ; *T. J. Moll,* Judge.

Action by Charles H. Mueller against the board of commissioners of the county of Marion. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*L. R. Newgent* and *Omar S. Whiteman,* for appellant.
*Emsley W. Johnson* and *Joseph W. Hutchinson,* for appellee.

NICHOLS, C. J.—Action by appellant, a justice of the peace of Center township, Marion county, Indiana,

against appellee, to collect certain fees claimed to be due and unpaid, for services rendered by appellant in holding insanity inquests, as required of him by §3682 *et seq.* Burns 1914, §2810 R. S. 1881.

There was a demurrer to the complaint, which was sustained and, appellant failing to plead further, but electing to stand by his complaint, there was a judgment against him that he take nothing. From this judgment, this appeal.

The only error assigned is the court's ruling on the demurrer. Appellee contends that the court has no jurisdiction, for the reason that it does not appear that the claim sued on had first been presented to the board of commissioners and disallowed by the board, as provided in §§6006-6008 Burns 1914, §§5760, 5761 R. S. 1881; Acts 1897 p. 187. It is true, as contended, that claims against the county must first be presented to the board of commissioners· for allowance or disallowance ·before suits can be filed thereon, but, after the action of the board in disallowing the claim, the claimant may at his option appeal, or he may bring an original action, §6019 Burns 1914, §5769 R. S. 1881; and it is not necessary to allege in the complaint that these steps have been taken. *Bass Foundry, etc., Works* v. *Board, etc.* (1888), 115 Ind. 234, 17 N. E. 593; *Board, etc.* v. *Leggett* (1888), 115 Ind. 544, 18 N. E. 53; *Board, etc.* v. *Brod* (1891), 3 Ind. App. 585, 588, 29 N. E. 430; *Board, etc.* v. *Osburn* (1892), 4 Ind. App. 590, 31 N. E. 541.

It is next contended by appellee, as appears by its second specification of memorandum with its demurrer, that appellant is entitled to no fees for acting as an examining officer in holding insanity inquests, or in delivering the transcripts to the clerk of the Marion Circuit Court, for the reason that the statutes of Indiana provide that a justice of the

peace in a township like Center township, Marion county, Indiana, shall receive a salary of $2,000, which shall be in full of all compensation, fees, or allowances mentioned and set forth in the section providing for fees.    It is to be noted that there is no averment in the complaint that indicates whether Center township, Marion county, Indiana, has a population that puts it in the class of townships in which the justices of the peace receive a salary compensation of $2,000, but the court will take judicial knowledge that its population so classifies it. *Board, etc.* v. *Garty* (1903), 161 Ind. 464, 68 N. E. 1012.    Sections 3682 *et seq., supra,* specify the services that are required of justices of the peace in insanity inquests, and then §3732 Burns 1914, §2871 R. S. 1881, in force since 1853, provides that justices of the peace shall receive for services, as examining officers, in such proceedings, each $2 per day, and §3699, as amended in 1901 (Acts 1901 p. 529), provides for a fee of $1 for depositing the papers prepared with the clerk of the circuit court.    Each of these fees is payable out of the county treasury.    Section 2 of "An Act concerning justices of the peace, presenting their number and fixing their compensation," approved, March 15, 1913, Acts 1913 p. 834, §1865 Burns 1914, provides that "The fees of justices of the peace shall be as follows:"    Then follows a list of fees for services, in which list no provision is made for compensation for services in insanity inquests.    It is then provided that:    "In any township in the state wherein is located a city having a population of one hundred thousand or more,    *    *    *    no fees named in this section    *    *    *    shall be charged or collected, but the justices of the peace, and each of them, shall receive    *    *    *    a salary at the rate of $2,000 per annum, payable quarterly    *    *    *    *out of the township treasury, which said salary shall be in full*

*of all compensation, fees, or allowances, as mentioned
and set forth in this section."* If appellee's contention
is sustained, then the court must hold that all of the
justices of the peace of the state, which means those who
receive no salary, as well as the very few who do, must
perform their services in insanity inquests, paying their
own expenses, without compensation. In view of the
meager compensation of such officers, especially of those
who receive no salary, there is a strong presumption
that the legislature had no intention of perpetrating such
an injustice upon such officers. In *Cleveland, etc., R.
Co.* v. *Blind* (1914), 182 Ind. 398, 105 N. E. 483, 491,
the following rules of construction are given: "(1)
Repeals by implication are disfavored, and are never
recognized in the absence of irreconcilable repugnancy
(9 Ind. Dig. Ann. Statutes, §159b) and then only to the
extent of such repugnancy. *Carver* v. *Smith* (1883),
90 Ind. 222, 46 Am. Rep. 210; *Jeffersonville, etc., R. Co.*
v. *Dunlap* (1887), 112 Ind. 93, 13 N. E. 403. (2)
Where two acts are seemingly repugnant, they must, if
possible, be so construed that the latter will not oper-
ate as a repeal of the former. *Blain* v. *Bailey* (1865),
25 Ind. 165. (3) There is no irreconcilable conflict,
unless, after the application of every recognized rule of
construction, substantial harmony is found impossible.
*Hay* v. *City of Baraboo* (1906), 127 Wis. 1, 105 N. W.
654, 115 Am. St. 977, 3 L. R. A. (N. S.) 84. * * *
(6) It is a maxim of general application, that gen-
eral things do not derogate from things special. * * *
(7) Where a particular intention is expressed in an act,
which conflicts with a general intention expressed in a
later one, the particular intention shall be given effect,
leaving the later act to operate only outside the scope
of the former. *State, ex rel.* v. *McCardy* (1895), 62
Minn. 509, 64 N. W. 1133; 1 Lewis' Sutherland Stat.
Const. (2d ed.) §275, citing Dwarris, Statutes 765;

Black, Interp. of Laws 118; *Crane* v. *Reeder* (1871), 22 Mich. 322; 36 Cyc 1088; *Woodworth* v. *Kalamazoo* (1903), 135 Mich. 233, 97 N. W. 714."

The last rule above is aptly illustrated by *Morris* v. *State, ex rel.* (1884), 96 Ind. 597, and in *Walter* v. *State* (1886), 105 Ind. 589, 5 N. E. 735. With these rules of construction before us, and in view of the strong presumption that the legislature did not intend an injustice, we hold that the general law as to fees of justices of the peace, of 1913, does not repeal the special law as to compensation that such officer shall receive for services in insanity inquests. Such general law within itself, by clear implication, justifies the holding, for it provides that in townships having 100,000 population, or more, *no fees named in this section,* other than the docket fees, shall be charged or collected, but that in lieu thereof such justices shall each receive $2,000, in full of *all compensation, fees and allowances, as mentioned and set forth in this section,* thereby by clear implication permitting compensation for the services involved as theretofore provided by law in other sections.

The judgment is reversed, with instruction to the trial court to overrule the demurrer to the complaint, and for further proceedings not inconsistent herewith.