## ATZ *v.* CITY OF INDIANAPOLIS ET AL.

[No. 12,944. Filed October 28, 1927. Rehearing denied February 17, 1928. Transfer denied June 26, 1928.]

*E. W. Hoover* and *Frank Mellis*, for appellant.
*Schuyler A. Haas, John K. Ruckelhaus, Frank Seidensticker* and *Adolph Seidensticker*, for appellees.

MCMAHAN, J.—This is an action by appellant, on behalf of himself and a number of other named persons similarly situated, to enjoin the collection of certain street improvement assessments made by the board of public works of the city of Indianapolis, a city of the first class.

The facts as alleged in the complaint are, in substance, as follows: In June, 1923, the city of Indianapolis, through its board of public works, adopted a resolution for the improvement of Lambert street between certain intersecting streets. The contract for the improvement was let to the Marion County Construction Company. The work was fully completed in accordance with the contract and accepted by the board of public works, and, in due course, the board prepared a primary assessment roll and apportioned the total cost of the improvement upon the lands and lots abutting on that part of the street improved. Notice was thereupon given, as provided by law, that the board of public works would, on a named day, hear remonstrances against the proposed assessment. Later, remonstrances against the assessments on certain corner lots as shown on the primary assessment roll were filed by the owners of such lots, and, after a hearing, the board of public works modified the primary assessment roll by distributing the assessments against the corner lots, as fixed in the primary assessment roll, between the corner lots and the lots fronting on intersecting streets back to the depth of 150

feet from Lambert street; sixty-five per cent. of the amount apportioned to each corner lot as shown on the primary assessment roll theretofore prepared being arbitrarily assessed against the corner lots and thirty-five per cent. thereof being arbitrarily assessed on the lots fronting on the intersecting streets, and within one hundred and fifty feet of the street being improved. None of the property owned by appellant and those for whom he sued abuts on Lambert street, and no part of the assessments against their property is for street or alley intersections.

The question presented by this appeal calls for a construction and interpretation of the sections of the statute by which the legislature conferred on the board of public works in cities of the first class the power to levy special assessments on real estate for the purpose of collecting a fund with which to pay, in whole or in part, the cost of improving a street by paving the same.

The particular sections of the statute involved, and which we are called upon to construe, are §§108, 109, and 111 of the Municipal Code, Acts 1905 p. 236, ch. 129, as amended in 1909, 1919 and 1921, respectively. For §108 as so amended, see Acts 1921 p. 333, ch. 131, §8711 Burns' Supp. 1921. For §109 as amended, see Acts 1909 p. 421, ch. 172, §10445 Burns 1926. And for §111 as amended, see Acts 1919 p. 625, ch. 140, §8716 Burns' Supp. 1921.

Sections 108 and 109, as amended, in so far as they apply to the question here involved, read as follows:

"Section 108. . . . Upon the completion of any improvement according to contract, the same shall be accepted by said board and the cost of any street or alley, or so much thereof to be improved as is uniform in the extent and kind of the proposed improvement per running foot and the total cost thereof, exclusive of the cost of street and alley intersections, shall be apportioned upon the lands or

lots abutting thereon. . . . The cost of any such improvement over and above the amount of the assessment as fixed in the final assessment roll, the cost of paving street and alley intersections, including one-half of the width of the street or alley opposite streets or alleys which run into but do not cross said street or alley so being improved, and that proportion of any street abutting upon property belonging to said city, or property not liable for assessment, shall be paid as follows: If able to do so said city shall pay such portion of said cost, in cash, out of its general fund, upon the completion and acceptance of said work. Otherwise, such portion of said cost shall be paid by said city from a fund which said city is hereby authorized to raise by special assessments against all of the lands and lots situated in said city, and said city is hereby created a special assessment district for that purpose. . . . Provided, however, that in cities of the first class the cost of any street or alley improvement shall be *estimated* according to the whole length of the street or alley or so much thereof to be improved as is uniform in the extent and kind of the proposed improvement per running foot, and the total cost thereof, exclusive of one-half ($\frac{1}{2}$) the cost of street and alley intersections, shall be *apportioned* upon the lands or lots abutting thereon. The remaining one-half ($\frac{1}{2}$) (of) the cost of street and alley intersections, shall be *apportioned* upon the lands or lots abutting on the street or alley intersecting the street or alley under improvement, for a distance to the street line of the first street intersecting or extending across the said intersecting street or alley in either direction from the street or alley improved. . . . Such city shall be liable to the contractor for the contract price of such improvement, to the extent of the moneys actually received by such city from the assessments for such improvements *hereinafter provided for.* . . .' (Our italics.)

"Section 109. Lots, parcels and tracts of land bordering on such street or alley to be improved or

being improved shall be assessed primarily on the basis set forth in the preceding section of this act, without regard to the depth of said lots, tracts, or parcels back from the front line of said street, but, upon the final hearing before the board of public works as to the actual benefits to abutting and adjacent property, as provided by other sections of this act, the said board shall have the power to assess other property back of the first lot if such lot is less in depth than one hundred and fifty feet from the line of the street to be improved, if said board shall find, at said hearing, that properties back of said abutting lot and within one hundred and fifty feet of the street being improved are specially benefited by said improvement, but only in the amount which said board shall decide at said hearing said lands or lots are specially benefited. Lots or lands bordering on said street, alley or other public place that is being improved or has been improved, or adjacent thereto, shall be liable to the payment of the assessment as set forth on the final assessment roll.  .  .  .  ."

Section 111, after reciting what the preliminary assessment roll shall contain, provides that the charge or assessment therein shown shall be *prima facie* the special benefit to each lot and shall be the final and conclusive assessment unless changed in the manner thereinafter indicated, provided for the giving of a notice describing the improvement, the street or place where made, the intersecting streets and alleys, the parallel streets and alleys, if within 150 feet of the street improved, on which there is property benefited and liable to assessment, and naming a day when remonstrances against any assessment shown on the primary assessment roll will be heard.  The board is required to either sustain or modify the *prima facie* assessment as indicated on the roll, by confirming, increasing, or reducing the same, and if any property within the "benefit district" has been omitted from the roll or a *prima facie* assessment

has not been made against it, the board is authorized to place an assessment against it.

That part of §108 relating to cities of the first class was inserted by way of amendment in 1919. Acts 1919 p. 631.

The general rule is that the court in arriving at the effect of an amendment to a statute must consider the amendment as a part of the original act, and the entire act as amended must be given the same construction as if the amendment had been a part of the original act, and, as to all matters occurring thereafter, such amendment is to be taken as if it had been a part of the original act. *Quality Clothes Shop* v. *Keeney* (1914), 57 Ind. App. 500, 106 N. E. 541; *State, ex rel.*, v. *Adams Express Co.* (1908), 171 Ind. 138, 85 N. E. 337, 966, 19 L. R. A. (N. S.) 93.

Appellant contends that the board of public works in cities of the first class has no power or authority to assess lands or lots for street improvements when such lands or lots do not abut on the street improved, unless the assessment is for street or alley intersections; that §108, *supra*, as amended in 1921 prohibits the board of public works in such cities from assessing lands and lots for street improvements other than for street and alley intersections when such lands or lots do not abut on the street improved. Appellees contend that the assessment roll mentioned in §108 is only a preliminary assessment roll, and that the amounts apportioned to the lands and lots mentioned therein are simply estimates of what the assessments should be, and that the question as to what lands and lots should finally be assessed for the improvement and the amount of the final assessment against each lot or tract of land is regulated and controlled by sections of the statute other than §108, *supra*. In reply to this contention of appellees, appellant insists that the provision in §108 relating to cities of the first

class, repeals the provisions in all other sections of the statute authorizing the assessment of lands and lots not abutting on the street improved, for more than for one-half of the cost of the street and alley intersections, even though the lots on the intersecting streets are within one hundred fifty feet of the line of the street improved.

Repeals by implication are not favored, and are never recognized in the absence of irreconcilable repugnance, and then only to the extent of such repugnancy. *Cleveland, etc., R. Co.* v. *Blind* (1914), 182 Ind. 398, 422, 105 N. E. 483, 491; *Mueller* v. *Board, etc.* (1920), 73 Ind. App. 196, 127 N. E. 15.

Appellees' contention must prevail. A careful study of §108, *supra,* clearly shows that it relates only to the preparation of the preliminary assessment roll which furnishes the basis for the final assessment roll referred to in §§109 and 111, *supra,* to which sections we must look to find the provisions concerning the making of the final assessment and on what lands such assessment may be made. By keeping in mind that §108, *supra,* deals with the preliminary assessment roll and that §§109 and 111, *supra,* relate to the final assessment, a seemingly difficult and confusing question is easily disposed of. Sections 109 and 111, *supra,* refer to the assessment and assessment roll mentioned in §108, *supra,* as the "preliminary" assessment and as the assessment "primarily" made, thus indicating that such assessment is merely introductory or preparatory to the final assessment, which is to be made according to sections other than §108.

In cities of the first class, the board of public works, in the preparation of the preliminary assessment roll, is required to apportion the estimated cost of the improvement, exclusive of one-half of the cost of street and alley intersections "upon the lands of lots abutting" on

the street being improved. The remaining one-half of the cost of the street and alley intersections is to be apportioned upon the lands and lots abutting on the intersecting streets and alleys for a distance to the first street intersecting or extending across the said intersecting street or alley. When this preliminary assessment roll is completed, notice is to be given of the time and place when objections or remonstrances to such preliminary assessment will be heard, and, in the language of §111:

"After said hearing said board shall either sustain or modify, in whole or in part, the *prima facie* assessment as indicated on said roll, either by confirming the *prima facie* assessment against any or all lots or tracts described in said roll, or by increasing or reducing the same, according to the special benefits which said board decides each such lot or tract of land has received or will receive on account of such improvement. If any property within the benefit district is omitted primarily from said roll, or a *prima facie* assessment has not been made against it, said board may place on said roll the special benefit to such omitted lot or tract of land which it has or will sustain by such improvement."

The owner of any lot or parcel of land assessed on the final assessment roll, if not satisfied with the amount of such assessment, is given the right of an appeal to the circuit or superior court.

Section 109, *supra*, specifically provides that the board of public works "shall have power to assess other property back of the first lot if such lot is less than one hundred and fifty feet from the line of the street to be improved." It also declares that lots and land bordering on and "adjacent" to the street being improved, "shall be liable to the payment of the assessment as set forth on the final assessment roll."

Section 111, *supra*, recognizes the right of the board

to assess property on intersecting streets, if within 150 feet of the street being improved, by requiring that the notice therein provided for shall describe the intersecting streets and parallel streets, "if within one hundred and fifty feet of the street or alley to be improved, on which there is property benefited and liable to assessment."

And we hold the board of public works had a right to assess lots on the intersecting streets within a distance of 150 feet of the street being improved, although such lots did not abut on the street being improved. The court did not err in sustaining a demurrer to the complaint.

Judgment affirmed.

Dausman, J., absent.